1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   B & R SUPERMARKET, INC.; GROVE              No. C 16-01150 WHA
     LIQUORS, LLC,
11
12                Plaintiffs,                    **ORDER RE MOTIONS TO
                                                 DISMISS**
13       v.
14   VISA, INC.; VISA USA, INC.;
     MASTERCARD INTERNATIONAL,
15   INC.; AMERICAN EXPRESS
     COMPANY; DISCOVER FINANCIAL
16   SERVICES; BANK OF AMERICA, N.A.;
     BARCLAYS BANK DELAWARE;
17   CAPITAL ONE FINANCIAL
     CORPORATION; CHASE BANK USA,
18   N.A.; CITIBANK (SOUTH DAKOTA),
     N.A.; CITIBANK, N.A.; PNC BANK,
19   N.A.; USAA SAVINGS BANK; U.S.
     BANCORP, N.A.; WELLS FARGO
20   BANK, N.A.; EMVCo, LLC; JCB CO.,
     LTD; and UNIONPAY, a Chinese bank
21   association,
22                Defendants.
                                            /
23

24       Rather than rule on the operative complaint, the motions to dismiss will be deemed as

25   moot and plaintiffs will be given, as requested, leave to file a further amended complaint no

26   later than JULY 15, 2016.  Plaintiffs must plead their best case.  The new complaint should

27   address the arguments raised in the motions to dismiss and add all reliable and well-pled

28   information to support their claims.  In addition to the above, plaintiffs should also add specific

     details regarding the following:

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1.    The way that the card systems worked (before and after), including the way transactions were authorized; the way money flowed; the way chargebacks flowed; and the specific role of each defendant in each such event, including decision-making.

2.    The network rules that existed *before* and *after* the liability shift took place, including specific quotations.

3.    The specific law (U.C.C.?) and/or network agreements that controlled chargebacks.

If American Express is meanwhile transferred to New York, the new pleading must take that development into account.

This order declines to add new plaintiffs at this time.  The amended complaint, however, may include them and allegations for their best possible cases.  Separate motions should be filed to request intervention by the proposed plaintiffs.  Intervention possibly will be allowed if the new complaint is viable.

Defendants shall have twenty-one days after the filing of the amended complaint to file a motion to dismiss.

**IT IS SO ORDERED.**

Dated:  June 24, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2