UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――― x
B & R SUPERMARKET, INC., d/b/a : Civil Action No. 1:16-cv-05338-AT-SDA
MILAM'S MARKET, a Florida corporation, et :
al., Individually and on Behalf of All Others : <u>CLASS ACTION</u>
Similarly Situated, :
                                                             : STIPULATION AND [PROPOSED] ORDER
                          Plaintiffs, : OF DISMISSAL WITHOUT PREJUDICE OF
                                                     : B & R SUPERMARKET, INC.'S AND
vs. : GROVE LIQUORS LLC'S CLAIMS
                                                     : AGAINST AMERICAN EXPRESS
VISA, INC., a Delaware corporation, et al., : COMPANY
                                                     :
                          Defendants. :
―――――――――――――――――――――― x

B & R Supermarket, Inc., d/b/a Milam's Market, a Florida corporation, and Grove Liquors LLC (collectively "Plaintiffs") and American Express Company ("American Express") have conferred through their counsel and have agreed, subject to the Court's approval, that the above-captioned action be voluntarily dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and 41(a)(2).

1. WHEREAS, on March 8, 2016, Plaintiffs filed an antitrust class action alleging violations of the Sherman Antitrust Act, the Clayton Antitrust Act, California's Cartwright Act, unjust enrichment, and for other equitable and injunctive relief against American Express, Visa, Inc. and Visa USA, Inc. (collectively, "Visa"), MasterCard International Incorporated ("MasterCard"), Discover Financial Services ("Discover"), Bank of America, N.A. ("BOA"), Barclays Bank Delaware ("Barclays"), Capital One Financial Corporation ("Capital One"), Chase Bank USA, National Association ("Chase"), Citibank (South Dakota), N.A., Citibank, N.A., PNC Bank, National Association ("PNC"), USAA Savings Bank ("USAA"), U.S. Bancorp National Association ("US Bank") Wells Fargo Bank, N.A. ("Wells Fargo"), EMVCo, LLC ("EMVCo"), JCB Co. Ltd and UnionPay. *B & R Supermarket, Inc. v. Visa, Inc.*, No. C 16-01150 WHA (N.D. Cal.), Dkt. No. 1.

2. WHEREAS, on June 24, 2016, the Honorable William J. Alsup of the Northern District of California provided Plaintiffs leave to file an amended complaint by July 15, 2016 and deemed the then-pending motions to dismiss moot. *Id.*, Dkt. No. 281. In a separate order, Judge Alsup granted American Express's motion to transfer the claims asserted by Plaintiffs against American Express to the Southern District of New York on the basis of a forum-selection clause. *Id.*, Dkt. No. 282.

1

3. WHEREAS, on July 15, 2016, Plaintiffs alongside proposed interveners Strouk Group LLC, d/b/a Monsieur Marcel, a California business, rue21, Inc., a nationwide retailer headquartered in Pennsylvania, and Palero Food Corp. and Cagueyes Food Corp., d/b/a Fine Fare Supermarket, a New York merchant, individually and on behalf of all others similarly situated, filed an Amended Complaint against American Express as well as Visa, MasterCard, Discover, BOA, Capital One, Chase, Citibank (South Dakota), N.A., Citibank, N.A., PNC, US Bank, Wells Fargo and EMVCo. *Id.*, Dkt. No. 291.

4. WHEREAS, on July 26, 2016, Plaintiffs and American Express provided background information to this Court regarding the action in the Northern District of California and the parties to this Stipulation agreed to provide an update within one week of Judge Alsup issuing his opinion(s) on the soon-to-be-filed motion(s) to dismiss filed by American Express and the other defendants in the California action. Dkt. No. 302.

5. WHEREAS, on August 5, 2016, American Express and the other defendants filed various motions to dismiss Plaintiffs' Amended Complaint. *B & R Supermarket, Inc. v. Visa, Inc.*, No. C 16-01150 WHA (N.D. Cal.), Dkt. Nos. 301, 303, 305.

6. WHEREAS, on September 30, 2016, following briefing and a hearing, Judge Alsup entered an order granting in part and denying in part the motions to dismiss. *Id.*, Dkt. No. 346. Judge Alsup's Order upheld Plaintiffs' claims against American Express, finding that Plaintiffs had plausibly pled an antitrust conspiracy as to American Express, Visa, MasterCard and Discover. *Id.*

7. WHEREAS, on October 14, 2016, counsel for Plaintiffs and American Express informed the Court that they were negotiating a stipulation for voluntary dismissal and that they would update the Court regarding the results of the parties' negotiations. Dkt. No. 307.

8. WHEREAS, on May 4, 2017, Judge Alsup granted defendants Mastercard and Visa's motion to transfer the proceedings in the Northern District of California to the Eastern District of New York, where related litigation was pending. *B & R Supermarket, Inc. v. Visa, Inc.*, No. C 16-01150 WHA (N.D. Cal.), Dkt. Nos. 437, 518.

9. WHEREAS, after discovery has been completed in the Eastern District of New York action, Plaintiffs and American Express may reassess the merits of Plaintiffs' claims against American Express and reinstitute proceedings here in the Southern District of New York.

10. WHEREAS, Plaintiffs and American Express are willing to consent, subject to Court approval, to the voluntary dismissal of the above-captioned action pending in the Southern District of New York, without prejudice and without costs, and agree to toll, for one year from the date that this Stipulation is filed, any applicable statute of limitations and repose periods ("the tolling period").

11. WHEREAS, American Express further stipulates and agrees that the two-file rule of Rule 41 does not apply as this Stipulation is made pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and 41(a)(2).

12. NOW, THEREFORE, Plaintiffs and American Express agree, subject to Court approval, as follows:

(a) This Stipulation is effective if and when this Court so orders;

(b) The action captioned *B&R Supermarket, Inc. and Grove Liquors LLC v. American Express Company*, No. 1:16-cv-05338-AT-SDA, is hereby dismissed without prejudice, and American Express agrees with respect to this action to toll any applicable statute of limitations and repose period, or other time-based defense (including, but not limited, to laches and estoppel)

3

available as of the date this Stipulation is filed. The tolling period will terminate one year from the date that this Stipulation is filed;

(c) Nothing in this Stipulation shall revive any claim or defense that has been extinguished or expired as of the date this Stipulation is filed;

(d) Except as otherwise specifically set forth in this Stipulation, neither Plaintiffs nor American Express waive, dismiss, release or otherwise lose any available claim or defense (including any time-based defense) available as of the date this Stipulation is filed, by entering into this Stipulation; and

(e) Neither the execution of this Stipulation nor anything contained herein is intended to be, or shall be deemed to be, an admission of liability to anyone or an admission of the existence of facts upon which liability could be based, and this Stipulation shall not be offered or received into evidence in any proceeding, except as necessary to enforce the terms of this Stipulation.

DATED: January 30, 2018

ROBBINS ARROYO LLP
GEORGE C. AGUILAR

_____
GEORGE C. AGUILAR
(admitted *pro hac vice*)

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
gaguilar@robbinsarroyo.com

*Attorneys for Plaintiffs B & R Supermarket, Inc.*
*(d/b/a Milam's Market) and Grove Liquors LLC*

4

DATED: January 31, 2018

CRAVATH, SWAINE & MOORE LLP
PETER T. BARBUR
DAMARIS HERNÁNDEZ

_____
DAMARIS HERNÁNDEZ

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212/474-1000
212/474-3700 (fax)
pbarbur@cravath.com
dhernandez@cravath.com

*Attorneys for Defendant American Express Company*

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                                    THE HONORABLE ANALISA TORRES
                                    UNITED STATES DISTRICT JUDGE

5